# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOMINICA THOMPSON,
YOLANDA OLINGER,
VERONICA NOESKE,
DEMEAN DANIELS,
NATASHA CHARLES, and
BARBARA BULLY,

            Plaintiffs,

    -vs-                                        Case No. 11-C-426

WAL-MART STORES, Inc.,
WAL-MART STORES EAST I, LIMITED
PARTNERSHIP, and JOHN MOTZ,

            Defendants.

# DECISION AND ORDER

The plaintiffs allege that they were subject to unlawful retaliation in violation of 42 U.S.C. § 1981 because they complained about racial discrimination while working at Wal-Mart. Wal-Mart moves to dismiss the claims of four of the six plaintiffs – Natasha Charles, Yolanda Olinger, Demean Daniels and Veronica Noeske.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a

motion to dismiss, the court accepts the plaintiff's well-pleaded allegations as true, and draws reasonable inferences in plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "As a general rule . . . notice pleading remains the standard," even in light of *Twombly* and *Iqbal*. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Financing Servs.*, 536 F.3d 663, 667 (7th Cir. 2008).

Wal-Mart argues that these four plaintiffs failed to establish a "plausible causal link between their alleged protected activity and alleged adverse employment actions." Yet the complaint, in a rather straightforward manner, states that each plaintiff was retaliated against because of their protected activity. Nothing more is required to state a plausible claim for relief. *Tamayo*, 526 F.3d at 1085 (allegation that the plaintiff was "subjected to adverse employment actions by Defendants in retaliation for her complaints" is sufficient to put the defendants "on notice about the nature of the claims").

Wal-Mart also argues that Ms. Charles' claim should be dismissed because she only received a second level "disciplinary notice (coaching)" in retaliation for her complaints. "Federal law protects an employee only from retaliation that produces an injury, and, therefore, an employer's retaliatory conduct is actionable only if it would be materially adverse to a reasonable employee." *Stephens v. Erickson*, 569 F.3d 779, 790 (7th Cir. 2009). "Unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions." *Krause v. City of LaCrosse*, 246 F.3d 995, 1000 (7th Cir. 2001). However, the Court is hesitant to dismiss this claim at the pleading stage because the Seventh Circuit has cautioned that there are times

-2-

where the resolution of this issue is "not so obvious" such that it presents a question of fact. *Thompson v. Mem. Hosp. of Carbondale*, 625 F.3d 394, 407 (7th Cir. 2010) (citing *Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 436 (7th Cir. 2009)). At a minimum, Ms. Charles should be allowed the opportunity to create an issue of fact as to whether her discipline was an actionable adverse employment action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Wal-Mart's motion to dismiss [D. 11] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **November 8, 2011** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a scheduling order which will limit the time to join other parties and to amend the pleadings; to file motions; and to complete discovery.

4. The scheduling order may also: modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; provide for the disclosure or discovery of electronically stored information; include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; the date or dates for conferences before trial, a final pretrial conference, and trial; and any other matters appropriate in the circumstances of the case.

5. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

6. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case.

7. The written report must include the telephone numbers where the parties can be reached for this call.

8. In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of Electronically Stored Information.</u> Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial

status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the <u>Standing Order Relating to the Discovery of Electronically Stored Information</u> in their particular case. (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this 14th day of September, 2011.

                                                 **BY THE COURT**:

                                                 _____
                                                 **HON. RUDOLPH T. RANDA**
                                                 **U.S. District Judge**